Good morning. May it please the court and counsel, my name is Jonathan Howland. I represent the appellant Adam Horty in this matter. I'd like to begin by speaking in order of the issues presented in Mr. Horty's brief and begin with the challenge to the denial of Mr. Horty's motion to suppress. Mr. Horty found himself in the eyes of law enforcement after law enforcement conducted three controlled buys in late July and early August of 2018. In acting on this information, law enforcement obtained a search warrant for a residence that they believed was used by Mr. Horty. In planning to execute on that search warrant, law enforcement developed an operations plan whereby a concern was to prevent the destruction of evidence and so the plan was to make contact and execute on the warrant once Mr. Horty was seen leaving the residence or known to be outside of the residence. Law enforcement waited for over two hours once they executed on this search warrant and after he had left the residence in a vehicle, then they did in fact pull him over and executed simultaneously executed the search warrant. According to law enforcement, they fully intended to arrest Mr. Horty for the controlled buys and believed that they had reasonable suspicion to justify or probable cause to justify his warrantless arrest based on those three controlled buys and that was to take place contemporaneous with the execution of the search warrant. After waiting for over 43 minutes, the law enforcement made the decision to execute upon the arrest of Mr. Horty and then carried out a inventory search according to developed policy of the regional law enforcement. Now this case presents the opportunity to further define what forms a legitimate inventory search, a search that's designed to account for property while insuring against claims of lost and stolen property into an unlawful rummage for evidence in violation of the Fourth Amendment. In this court's decision in Goree, the court noted that there must be something else, something to suggest that police raised inventory search banner and after effects attempt to justify a simple investigative investigatory search for incriminating evidence. You're not arguing or are you that the that the officers in some way violated the policy relating to inventory searches of vehicles of people who are arrested, are you? No, and that policy is in the record. Okay, so I mean that's what I thought but then I mean isn't your argument really just that the whole the whole operation you know the arrest so that they could do the inventory search of the car that it was all pretextual that they were they were just doing it that way because they wanted to be able to do the search? Yes, I mean the argument is that this the way the manner in which the search warrant was executed and their operations plan was developed was such that it essentially broadened the scope of the search warrant to include this vehicle, the way they went about executing on the search warrant because they waited until Mr. Fordy was in a vehicle, they waited to stop him until he was operating this How is that argument consistent with Wren, right, which says that you know the fact that you know that they could have done it some other way but if they're doing it in a lawful way the fact that they have you know that it's all pretextual and they have the motive of being able to do a search like what Wren says they can do that, doesn't it? Well you can have dual motives certainly and this court has said that. The concern here is that you know the typical run-of-the-mill cases Florida versus Wells or Gray you have it's the defendant that creates the need for the inventory search. In Florida versus Wells the defendant was driving while intoxicated and subsequently law enforcement arrested the defendant for suspicion of DUI and in Gray the defendant fled and it was a high speed chase and then the defendant crashed the vehicle into a ditch and so law enforcement had no choice to tow the vehicle prior to towing they had to conduct this inventory search. In this case we have law enforcement that created the need for the inventory search and so if you look to again Gray the court this court has said there must be something else and this this case presents the opportunity for this court to define what is that something else. I mean the government the government suggests that the officers arrested him in the car because they wanted to prevent interference with the search of the house so why isn't that a sufficient motivation? Well I think the operations plan wasn't necessarily to arrest Mr. States that it wasn't carried out with the purpose of arresting him while he was in a vehicle it was the purpose was to wait until Mr. Forty was outside of the residence to prevent destruction of evidence and whether he was outside in the cartilage or whether he was in a vehicle I think the intent was just to wait until he was outside and they can make contact with him and then execute on the search warrant. Isn't that a which he I think he he does he said was not he didn't own then they followed their inventory procedures so the government argues well that certainly was a sufficient motivation why why do you say that's not sufficient? Well in a case such as this where law enforcement is control of the law enforcement obtain issuance of a search warrant before inventory searching a vehicle is a nominal minimal requirement to ensure the law enforcement doesn't necessarily broaden the scope of a lawful search warrant for residents into including an envelope in a vehicle and that's what happened here and so I submit that in a case like this where you have law enforcement that is situation can dictate how the search warrant is executed and dictate what necessarily gets wrapped up into that search warrant that they should be required to they can still impound the vehicle but they just need in this instance they should be required to go to a neutral and detached magistrate and ask for the arguing what the law should be perhaps you're arguing that they should be required to have gotten two search warrants but the law doesn't require that and isn't it correct that your client was asked at the vehicle whether he had a preferred tow company isn't that part of the record? That is correct but that still doesn't that would not have avoided the need to conduct an inventory search. If you look to the law enforcement's policy unless there's somebody at the scene that is registered and sober driver they're gonna they're gonna impound that vehicle and conduct an inventory search. Well but your client said he didn't have a preferred tow company he said he didn't it wasn't his vehicle correct? That's correct but the whether he had a preferred tow company or not that isn't dispositive of whether law enforcement was gonna conduct an inventory search. Well but isn't the standard that it essentially solely has to be pre-tactual? Let's talked about dual motives so aren't I correct? Well the law in this circuit is that if you have if there's something else that is motivating law enforcement and that's something else other than the need to protect and preserve the contents of the vehicle and ensure against claims then that short of law enforcement's admission yeah we were on a rummage for evidence and we weren't motivated by inventorying the contents such as in Johnson so short of that admission this court has never defined what that something else is and I think that this case defines or presents an opportunity for this court to further define what that something else is. I'd like to move on to the next issue because I'm running out of time. In this case the there's two defense witnesses that were subpoenaed at trial and allowed to exercise a blanket assertion of Fifth Amendment privilege and prevent or avoid testifying or appearing in front of the jury whatsoever. In this court in in 1977 said the blanket assertion is unacceptable and a few years later in Detroit the court carved out what has been since recognized in Moore as a very narrow exception with court has very specialized knowledge of circumstances that can give rise to the need for the witness to assert Fifth Amendment privilege and if you look to this Detroit case you had testimony that had been presented in trial prior to the witness taking the stand and asserting the Fifth Amendment privilege and that testimony directly implicated the witness in the same crime that the defendant was on trial for and there was testimony in that case that that witness was also under investigation for the same exact conduct and so the court in that case said well the trial judge had special knowledge as for the basis for witnesses blanket assertion of Fifth Amendment privilege. If you look further to the Moore decision which I think is on par with this case the court noted that the and in this in footnote three this court highlighted the fact there was a colloquy between defense counsel and the U.S. attorney and the court as to exactly what the basis of the criminal liability would be and that's exactly what took place here. I wasn't sure what questions the district court thought that anything that the two witnesses would testify to that was consistent with Horty's theory of the case would would implicate them in possible illegal activity and it wasn't clear to me what questions would be asked of these witnesses that wouldn't implicate them other than their name and and those sorts of things. What sorts of questions would not have implicated them in criminal activity of their own given I guess one of them was on probation and and this this law about frequenting was she was cited another one was cited for frequenting. Well you're correct I mean but that that goes to the the fact that the record is really unclear so what was the criminal liability and we have this dialogue occurring in the court as to between the court and the U.S. attorney and the witnesses attorney and the defense counsel is that what exactly this criminal liability is is giving rise to a blanket or the fifth minute privilege and and the court was questioning it the court the court didn't have that specialized knowledge that the court in Troy did and that's why I think that the assertion or allowing the witnesses in this case to assert the blanket assertion was improper because the court didn't even know what the basis was. We have the questions whether the frequenting even applied and it's it's a one-year statute of limitations for a misdemeanor I'm sorry to interrupt you just following up on Judge Ikuda the you know even admitting that you lived in the residence or frequent it potentially creates liability as to knowledge conspiracy participation a whole host of unpredictable things so you know I mean even your name even your identity could create potential criminal liability if your identity is associated with a room where maybe your personal items are found and there are drug you know distribution materials like scales and things like that so I you know I just I'm just having a difficult time understanding what would not be incriminating irrespective of whether some potential frequenting statute may or may not have been violated. Well it's to follow up to your statement Judge Progerson is unlike in Troy in this case what we have is just a generalized claim that there is potential criminal liability in Troy there was specific testimony that had been elicited during trial defining the involvement of this witness and the very real criminal liability that that witness faced if he were to testify and implicate himself in that in that case in this instance there is nothing in the record at trial or in the motion to suppress that gives a specific basis for the nature of liability that either witness faced if they were to testify and the other thing I would like to notice that at the time of the search warrant both of these witnesses made statements to law enforcement and so you know I think at a minimum my client should have been allowed to question them about what those statements were on the stand in front of the jury and Mr. Horty was not allowed to do that and the other answer the other fact your time has expired but we'll we'll give you a minute for rebuttal okay thank you all right we'll hear from the government may it please the court counsel my name is Bryce Ellsworth and I represent the United States in this appeal your honor as to the first issue on in regards to the inventory search there's no evidence in the record to support the defendant's position that the stop was pretextual in fact to the contrary officers testified that when they were staging for the search they staged away in a church parking lot because of the remoteness of the house and the inability to surveil it much closer and that they never saw Mr. Horty exit the home it wasn't until they saw him driving a red Camaro on a dirt road behind the house that they were then able to follow that vehicle and pull him over they didn't know what car he would drive at the time that wasn't the only vehicle available to him and even Mr. Horty testified to the fact that around that house was multiple vehicles boats and specifically a truck that was titled to him and so at no point were officers staging this so that they could search this red Camaro instead they pull him over per the operations plan and they immediately arrest and notify him of the search warrant that there is a drug investigation and they have him stand by away from the home while they execute the search warrant after locating a plethora of criminal item criminal items in the home guns drug paraphernalia and drugs they notify him of his arrest and pursuant to the policy search the vehicle and they follow the policy to the t they ask him who he'd like to tow the vehicle they pull out an inventory form they inventory everything even after they find this cooler with thousands of dollars in a large quantity of meth the officer doesn't stop there he continues to inventory the vehicle as required by law and so in no way is this a pretext to search the vehicle and avoid a warrant requirement instead the officers properly search the vehicle according to the inventory search exception and ultimately located the the drugs in plain view as to the fifth amendment issue i think the courts made it clear that anything these witnesses said would implicate them in a possible crime and the district court also understood that at excerpt a record 148 the court says both women could refuse to answer essentially all questions and it was because placing them in that house where there's multiple firearms multiple items of drug paraphernalia items that associated them to living there and or staying there and tying them to mr horty would potentially lead to them being investigated and charged with either conspiracy or possession and furtherance there's a plethora of charges that would meet that criteria and here the court very thoughtfully went through this process where all the questions were presented to the witnesses and their attorneys and then it was addressed on the record to ensure that they understood what their right was and that the law was followed in regards to balancing the defendant's sixth amendment right with these witnesses fifth amendment right and so the government asked that the court affirm on this issue too the final issue addressed in the appeal is the enhancement instruction and again i think the district court very thoughtfully went through this and put on the record what was necessary for the enhancement instruction under united states sentencing guidelines section 3c 1.1 to apply the court identified that the defendant had given false testimony that it was on a material matter and with willful intent what was the what was the specific testimony that the district court identified as false so the district court summarized it in a statement and the statement that the district court said was that the testimony offered by the defendant was material to his cells and possession with intent to knowing possession of firearms as a previously convicted felon that testimony was blatantly false and so essentially identifies the fact that and as you review the defendant's testimony it comes out very clear the defendant agrees to all the facts aside from the defendant's testimony we're looking at the record that the district court made isn't that what we need so we can the obstruction enhancement yes and going back to the record i'm talking about what the court said in terms of meeting a reviewability requirement that's what we're looking at right yes and that's the court addresses exactly what he lied about and it was the information exactly but it was just a general statement of guilt well it was specific to the elements of the crime that the government proved during the trial is there any are you aware of any case holding that the district court has an obligation to specify the statements that are false and explain why they're false i know we have a case united states v akuna which is fairly old 1993 which says that the district court is not required to enumerate specifically which portions of a defendant's testimony are false to justify an for obstruction of justice that's from 1993 though are you aware of any case that's overruled that that holding i'm not aware of any other case your honor that would overrule that holding there needs to be specificity and those three issues need to be addressed and i think the court does that here by identifying the subject matter in which he testified falsely too which was essentially the elements of the crime so we say that the uh for perjury to be deemed obstruction the district court must find that the defendant gave false testimony on a material matter with willful intent and so your position is that the district court um made a finding on each of those issues is that right yes your honor when you read the court statement uh it addresses each of those issues in that it identifies that the statements were false the court talks about it being blatant and that he lied in an effort to sway the jury to his side in regards to his willfulness and then the false testimony is identified as this testimony in regards to the cell and possession of methamphetamine and the firearms thank you but doesn't the district court also say that in a you know the court also says um and by the way the jury agreed he was convicted and then we get into the area of sort of circular logic where how do you review knowing how much reliance the district court may have placed on the post hoc fact that a jury made a finding of guilt the equivalent of he must have lied because the jury convicted him and um it just highlights the problem if we were and we were dealing with a significant enhancement we would want to have a reviewable basis for that so i don't understand how the logic here uh differs from from that requirement what is there to review your honor i think when you take the district court's position as he was the he sat through the trial he heard the suppression motion he was in a position that he understood all the evidence in multiple hearings and he made this finding uh independent of what the jury found and then his secondary statement was and the jury also agreed so i understand that that statement if that was all the court was relying on would be concerning but that's not the case he independently made a finding that the defendant gave false testimony on a material matter with willful intent and what did he say that was reviewable by us i apologize i couldn't hear that question what was said that would give us some ability to review the logic what was said by the court or by the by the court that is the statement that the district court made on excerpt record page 32 and 33 right so what reviewable about that how can we possibly take a look at the testimony and evidence and review that for accuracy well your honor when you see that the court identifies what the specific lie was to which was the material elements of sale and possession and then you look at the defendant's testimony which isn't very long and you can find out going outside the record we could always do that but the you know here's the maybe it's just being a district court judge here and i'm just stepping up i just i think it's just important that i make a reviewable record whenever i do something that affects the substantial rights of a defendant and i'm just very aware of that through um you know over a thousand federal sentencings so i'm just you know i'm concerned that um uh we're on a slope where we're we're uh we're not requiring that sort of rigor when it comes to making statements that are appropriately reviewable and it also concerns me that you know you might be in a situation where a defendant is counseled by his attorney you know um by the way one of the increased risks of you testifying is that a court may a judge without giving any reasons that you committed obstruction and that could result in an enhanced sentence therefore um you know uh i i've got to warn you that that sent that testifying itself creates this risk if the court decides without any reviewable reason that you weren't telling the truth uh i know i'm drifting into policy a little bit but um perhaps you could address that your honor i think there is a very reviewable record here that supports what the court said when you look at the defendant's testimony i mean you start out with just the house alone and this he testified at exeter records 169 through 187 but when you start out with the house alone he admits that he used that back room that him and his girlfriend had been moving into that house he admits that most the items in the room are his including clothing uh the safe the the bed the gun case but then he denies all the elements that would be criminal essentially he says i never saw any of the pipes the three pipes that are in the room i didn't see the ziploc baggies the baggies that were in the safe that he said he owned this is great you shouldn't focus on the reasons given by the district court we should focus on the record and i think the record clearly shows that's what are we reviewing for abuse of discretion or what's the standard of and and maybe this is a question for your friend but rather than for you but when i looking at the clearly the defendant objected to the application of the enhancement but do you understand there to have been an objection on the ground that the false statement was insufficiently identified or that the district court had not been specific enough no your honor it was just an objection in general and there wasn't much argument by defense counsel in regards to it so do you do you think that the claim that you know i don't know which statement you found to be false or you had to identify a specific statement is that a claim that's preserved for our review your honor it hasn't been one raised by defense counsel and i would note that just prior to the court so would we be reviewing for plain error just to follow up on miller's um question with respect to um and so in the briefing there was an objection to the lack of specificity but he didn't raise that at trial so is our review for plain error i hadn't considered this until the court's addressing it now but based off of what you're saying i believe so at that point they didn't object to that specific the court they didn't object to this at the sentencing level and so yes i do believe that it could be plain air too but the plain error just to be clear you would review the court's decision its logic on the basis of plain air what it articulated you do not review whether the court um articulated the appropriate elements to begin with in a way that comports with just due process requirements for plain air those are different things in my mind the government's position is regardless the court made it very clear what he was finding the fact that the defendant gave false testimony on a material matter with willful intent and though the statement is is fairly brief um there was an argument against it with that your honor i do believe that the court on all three of these issues took extensive time to go through them thoroughly and ensure that the defendant's rights were protected as to each and that the law was followed and i'd ask that the court um uphold the rulings below thank you all right thank you for your argument and we'll give um um i guess it's mr um uh holland a minute for rebuttal thank you and very briefly i'd like to return to um the perjure excuse me the um assertion of fifth minor privilege issue because i think in this case it's very uh important to note that uh how it impacted mr horty's ability to present a defense or his theory of the defense in this case we had a the c.i who was subpoenaed by mr horty the c.i uh stopped cooperating with law enforcement and did not appear at trial we have two defense witnesses who were subpoenaed and allowed to uh an excuse on nothing more than their blanket assertion of uh of their fulfillment of privilege and so i think what we have here is the complete denial of his ability to present a theory of defense case uh and i'd like to move on to the final issue because i'm running out of time here i think this this issue is uh the manner in which the court applied the enhancement not only denies this ability to conduct any review of the enhancement but it also is important because that there was no notice given to mr horty that this issue was at play i given to mr horty in the psr that the enhancement was even at play so he shows up to sentencing hearing and the issue is first raised to respond to it by the district court uh in the manner in which it was raised was very generalized there was no specific findings made and so how was mr horty to respond uh to the court's intention to imply the perjury enhancement but was there there was any objection on the lack of notice i mean a trial counsel didn't say you know i'm sorry your honor i need more time to respond to this or anything like that did he well your honor i think there is a general objection in the record in uh in the transcript but again it goes back to the fact that there was no notice given generally what you have here is a psr will be provided you know weeks in advance of sentencing it'll make note that the uh perjury enhancement or the enhancement is at play and the parties have a chance to brief the issue and bring witnesses to the sentencing hearing that didn't happen here so mr horty shows up and he's on his heels oh this two-level enhancement is at play here this is a very important issue uh the other issue goes back to judge pergerson's comments you know if the fact that the jury convicted mr horty is enough to give rise to the falsity element what we would have here is in every single instance where defendant testifies and is convicted by a jury trial the perjury enhancement could be at play and that would be an extreme hindrance to a defendant's uh i guess ability to testify or willingness to testify trial because if you do testify and you're convicted you're going to get two level enhancements you better not do it i think we have our time yeah i think we have your argument thank you um the case of uh united states versus adam christopher horty is submitted and we'll next your argument in the case of the united states uh versus eric bruce fowler
judges: IKUTA, MILLER, Pregerson